09-4325-cv
American Association of Physician Specialists, Inc. v. New York State Department of Health

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of October, two thousand ten.

Present:
> GUIDO CALABRESI
> ROBERT A. KATZMANN,
> DENNY CHIN,
> > *Circuit Judges*.

_____

AMERICAN ASSOCIATION OF PHYSICIAN SPECIALISTS, INC.,

> *Plaintiff-Appellant*,

> v.                                                  No. 09-4325-cv

NEW YORK STATE DEPARTMENT OF HEALTH, NEW YORK STATE EDUCATION DEPARTMENT, BRIAN J. WING, Interim Executive Deputy Commissioner, ROBERT W. BARNETT, Director, Office of Health Care Quality and Safety, RICHARD P. MILLS, Commissioner,

> *Defendants-Appellees*.

_____

 For Plaintiff-Appellant:                    MICHAEL H. SUSSMAN, Sussman & Watkins,
                                             Goshen, NY

For Defendants-Appellees:
STEVEN C. WU, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Benjamin N. Gutman, Deputy Solicitor General, *of counsel*), *for* Andrew M. Cuomo, Attorney General of the State of New York, New York, NY

Appeal from the United States District Court for the Southern District of New York (Young, *J.*).[*]

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court entered September 17, 2009, is **AFFIRMED**.

Plaintiff-Appellant the American Association of Physician Specialists, Inc. ("AAPS") appeals from a judgment of the United States District Court for the Southern District of New York (Young, *J.*), entered September 17, 2009, granting defendants' motion for summary judgment. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

In *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam), the Supreme Court recognized "class of one" equal protection claims, in which a "plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." This Court has held that in order to succeed on such a claim, a plaintiff must establish, *inter alia*, that "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006) (quoting *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d

---

[*] The Honorable William G. Young, United States District Judge for the District of Massachusetts, sitting by designation.

2

Cir. 2005)) (internal quotation marks omitted).  AAPS fails to meet that standard here.  The record establishes that AAPS does not require completion of a residency program in the three specialties that comprise the vast majority of its certifications, while the organizations that the New York State Department of Health does recognize as providing valid board certification do impose such a requirement on all physicians now seeking certification.  This difference belies AAPS's claim that it is similarly situated to these other organizations, and it further "justif[ies] the differential treatment on the basis of [the] legitimate government policy," *id.* (citation and internal quotation marks omitted), of ensuring that physicians practicing in a given field in New York State have demonstrated their competency in an acceptable fashion.

We have considered AAPS's other arguments and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK